UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PRUDENTIAL DEFENSE SOLUTIONS INC.**,

   Plaintiff,

vs.

**JAKE WILLIAM GRAHAM**,
**MARK SHEAHAN**, and
**ROBERT CHARNOT**,

   Defendants.

Case No.: 20-cv-11785
Hon. Robert H. Cleland
Mag. Elizabeth A. Stafford

## **STIPULATED PROTECTIVE ORDER**

The parties having stipulated to the following protective order pursuant to Fed. R. Civ. P. 26(c), and the Court being otherwise fully advised in the premises;

**IT IS HEREBY ORDERED** that the production and use of documents and information produced in this matter shall proceed in accordance with the following terms:

   1.   <u>Scope of Order</u>. This Stipulated Protective Order shall be applicable to and govern: all depositions (including exhibits); documents produced in response to discovery requests, formal or otherwise, or related to initial disclosures; answers to interrogatories; responses to requests for the production of documents; responses to requests for admissions; and all other discovery taken; as well as submissions to the Court; testimony given at trial, or during a hearing; and other materials or

information produced in this matter, including documents requested and/or produced in response to non-party discovery (the "PRODUCED" information).

This Stipulated Protective Order also shall be applicable to certain privileged information, as discussed below.

2. <u>"Confidential" Information</u>. "CONFIDENTIAL" information is information that is: (a) confidential, sensitive, competitive, or potentially invasive of an individual's privacy interests; (b) not generally known; or (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence.

3. <u>Marking of "CONFIDENTIAL" Information</u>. The designation of information as "CONFIDENTIAL" will be made by placing or affixing on each page of the document or other material (in a manner that will not interfere with its legibility), the word "CONFIDENTIAL."

4. <u>No Marking at Inspection</u>. When files and records are produced for inspection, no marking need be made in advance of the inspection. For purposes of this initial inspection, all documents in any produced files shall be considered marked as "CONFIDENTIAL" information. Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents with the appropriate confidentiality marking at the time that the copies are produced to the inspecting party.

5. <u>Deposition Testimony</u>. A deposition transcript may be designated as containing "CONFIDENTIAL" information by so notifying the other parties on the record at the time of the testimony, or by notifying the other parties in writing within 10 business days after the transcript has been officially transcribed of the specific pages and lines of the transcript that contain such information. Such written notification shall specify the designation by page and line number. All deposition testimony, regardless of whether a designation of confidentiality was made on the record, shall be treated as containing "CONFIDENTIAL" information until 10 business days after a transcript has been officially transcribed. After such 10-day period has expired, and in the absence of any written notice concerning the specific portions of the transcript that a party believes contains "CONFIDENTIAL" information, the transcript of the deposition testimony shall be treated as designated on the record at the time of testimony, or if no designation was made, then the transcript of testimony shall not be treated as a "CONFIDENTIAL" document under the terms of this Stipulated Protective Order.

Unless otherwise agreed to by the parties in writing or on the record, an individual not qualified to receive "CONFIDENTIAL" information shall not be in attendance at that portion of a deposition during which "CONFIDENTIAL" information is being disclosed.

6. <u>Effect of Designation</u>. The designation of information as

ClarkHill\261912774.v1

"CONFIDENTIAL" shall constitute a representation that the producing party believes that there is a valid basis for such designation. The designation or failure to designate information as "CONFIDENTIAL" may not be used against the producing party as an admission or concession that the designated information is or is not, in fact, confidential, proprietary, or otherwise sensitive.

7. <u>Permissible Use of "PRODUCED" and "CONFIDENTIAL" Information</u>. "PRODUCED" and/or "CONFIDENTIAL" information shall be used only for the purpose of this litigation. Use of such information in any other litigation or for any other purpose is expressly prohibited. Notwithstanding any other provision contained herein, this Stipulated Protective Order does not restrict or otherwise effect the rights of a party or other person from using its own "PRODUCED" and/or "CONFIDENTIAL" information for any purpose.

8. <u>Limited Access to "CONFIDENTIAL" Information</u>. Except for counsel to the parties to this litigation, counsels' employees, employees of outside copy services used to make copies of "CONFIDENTIAL" information, couriers, court personnel, the jury (if applicable), and court reporters, access to "CONFIDENTIAL" information shall be limited to:

    a. The parties to this action;

    b. Officers, directors, or employees of the parties who are assisting in the preparation of, or making decisions with respect to the conduct of, this

4

litigation;

    c. Experts and consultants who are employed, retained or otherwise consulted by counsel of record for the parties for the purpose of analyzing data, conducting studies or providing opinions to assist in this litigation; and

    d. Persons identified on the face of a document as authors or recipients, or persons called to testify as witnesses (either at a deposition, a hearing, or at trial) who are believed to possess information relating to the "CONFIDENTIAL" information that is deemed necessary for the prosecution or defense of this litigation.

9. <u>Attorney's Eyes Only Designation</u>. In the event that either party deems certain "CONFIDENTIAL" information to be extraordinarily sensitive, confidential and/or proprietary, such that the disclosure of such "CONFIDENTIAL" information, even under the protections accorded such information under this Protective Order would nonetheless seriously prejudice the interests of the party or any other person to whom the party has an obligation to hold such information confidential, then in such circumstances "CONFIDENTIAL" information may be designated by any party with the "CONFIDENTIAL" marking and additionally marked: "ATTORNEY'S EYES ONLY." This does not preclude a non-party from separately moving for protection under this Order or otherwise, including without limitation, from asserting that any documents subject to production through

ClarkHill\261912774.v1

subpoena or otherwise are entitled to designation and protection as "ATTORNEY'S EYES ONLY." Nor does it preclude a party from claiming that any non-party document should be designated and protected as "ATTORNEY'S EYES ONLY," and in that circumstance, the provisions related to same (as if the document was produced by a party) shall apply.

Upon designating materials as "ATTORNEY'S EYES ONLY" the designating party must provide a good faith certification as to why the designated materials are entitled to protection as "ATTORNEY'S EYES ONLY." Additionally, to the extent applicable, the designating party must make a good faith and reasonable effort to only designate portions of the materials as "ATTORNEY'S EYES ONLY," and produce a corresponding "CONFIDENTIAL" version of the materials that include redaction(s) to separately protect those portions of the materials that have been designated as "ATTORNEY'S EYES ONLY." . It shall be the burden of the designating party to demonstrate to the Court that the designation is necessary to protect the party's legitimate interests and that the protection of those interests outweigh the receiving party's rights in discovery and to use the designated materials in the case subject to the restrictions contained herein.

Until the court determines that any materials are not entitled to protection as "ATTORNEY'S EYES ONLY", any materials designated as "ATTORNEY'S EYES ONLY" may be disclosed only to counsel of record for the parties in this

6

action, and counsel shall not, in the course of advising their clients or otherwise, disclose the contents of, or information contained in, any materials designated as "ATTORNEY'S EYES ONLY." While any material is designated as "ATTORNEY'S EYES ONLY" it shall be maintained by the receiving party in a secure area and under the highest standards of due care.

10. <u>Access Requirements</u>. Disclosure of "CONFIDENTIAL" information is prohibited except to the extent permitted by this Stipulated Protective Order. Any person given access to "CONFIDENTIAL" information is subject to this Stipulated Protective Order. Each such person shall be advised in advance that such "CONFIDENTIAL" information is being provided subject to the terms of this Stipulated Protective Order.

Each person given access to "CONFIDENTIAL" information pursuant to paragraphs 8(a) through 8(d), above, must first agree to be subject to the provisions of the Stipulated Protective Order by signing a copy of the Agreement to be Bound by Stipulated Protective Order, which is attached hereto.

11. <u>Filing and Use of "CONFIDENTIAL" Information in Court</u>. A party producing "CONFIDENTIAL" information may designate any such information as being subject to a potential motion under L.R. 5.3 requesting that such information be sealed if used in a court paper. A party receiving such "CONFIDENTIAL" information agrees not to file any court paper containing such "CONFIDENTIAL"

information unless and until the producing party's motion under L.R. 5.3 is ruled on by the Court, or counsel reach an alternative agreement on the treatment of such information. "CONFIDENTIAL" information may otherwise be used in the course of pre-trial proceedings and the trial of this matter; provided, however, that a party makes a good faith and reasonable effort to redact the documents to preserve their "CONFIDENTIAL" nature to fullest extent possible.  Any party may request that the Court allow for additional protections of "CONFIDENTIAL" information so used, including the protection of Court transcripts. "CONFIDENTIAL" information used in any court proceeding in connection with this matter shall not lose its "CONFIDENTIAL" information status through such use. If a party wishes to use "CONFIDENTIAL" information during trial or a hearing, that party should give reasonable notice to the other party and likewise comply with the above obligation to make a good faith and reasonable effort to redact the documents to preserve their "CONFIDENTIAL" nature to the fullest extent possible. The parties further agree and acknowledge that the use or disputed filing of "CONFIDENTIAL" information in this case (in any manner inconsistent with this Order) and/or the use of same in connection with any deposition, hearing, trial or other proceeding shall not constitute a waiver of or prejudice any party's right to claim that the materials are "CONFIDENTIAL" or otherwise entitled to protection as trade secrets under law.

12. <u>Inadvertent Failure to Designate</u>. In the event that a party or other

person inadvertently fails to designate a document or other material as "CONFIDENTIAL" information, the party to whom the document or other material was produced, upon written notice, will designate and treat such document or other material as "CONFIDENTIAL" information from that point forward. The receiving party's disclosures, prior to the receipt of notice from the producing party of a new designation, of "CONFIDENTIAL" information to unauthorized parties or individuals shall not be deemed a violation of this Stipulated Protective Order.

In addition, the inadvertent failure of a party or other person to designate a document or other material as "CONFIDENTIAL" information shall not constitute, be construed as, or have the effect of, a waiver of confidentiality.

13.  <u>Designation of Documents Produced by Non-Parties</u>. If a non-party produces information without any confidentiality designation, nothing in this Order shall preclude a party from designating same as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" under a motion filed within three (3) business days of the party's receipt of the production of same. While any such motion is pending, the materials shall be treated, to the greatest extent practicable following the production, as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." <u>Inadvertent or Unintentional Disclosure of Privileged Information</u>. In the event that a producing party inadvertently or unintentionally produces a document that otherwise is not discoverable for reasons of the attorney-client privilege, work product immunity, or

other privilege, doctrine or immunity, such party shall promptly give written notice to the requesting party upon discovering such inadvertent disclosure. Immediately upon receiving such notice, counsel for the receiving party shall sequester all identified information, including any and all copies, in its offices until the matter is resolved. If the parties are unable to reach a satisfactory resolution as to the return, destruction or use of such documents within 10 business days of such notice, the producing party may, within 10 business days thereafter, request that the Court resolve the matter. If the party alleging inadvertent disclosure satisfies the Court that the information should remain privileged all such information to be returned to the producing party. The period of time that elapses while a party follows the procedures set forth in this paragraph for resolving any inadvertent disclosure dispute shall not be considered a factor in deciding whether a party's delay in attending to the inadvertent disclosure was reasonable under the circumstances.

Nothing herein shall preclude the receiving party from challenging the privilege or immunity claimed by the producing party regarding the inadvertently produced document or information.

14. <u>Disclosure of "PRODUCED" and/or "CONFIDENTIAL" Information in Other Actions</u>. In the event that any recipient of "PRODUCED" and/or "CONFIDENTIAL" information subject to this Stipulated Protective Order is (a) subpoenaed in another action or (b) served with a demand in another action to which

such individual is a party or a witness, seeking "PRODUCED" and/or "CONFIDENTIAL" information, that person shall object to its production setting forth the existence of this Stipulated Protective Order and shall give prompt written notice of such event to counsel of record for the producing party. The producing party shall assume responsibility for preserving and prosecuting any objection to the subpoena or demand. The person served shall reasonably cooperate to preserve the confidentiality of the protected matter until ruled upon by a court of competent jurisdiction. However, nothing in this Stipulated Protective Order should be construed as requiring the party served to challenge or appeal any order requiring disclosure of "PRODUCED" and/or "CONFIDENTIAL" information, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

15. <u>Non-Waiver of Rights</u>. The parties agree that the filing and entry of this Stipulated Protective Order shall not constitute a waiver of any rights under any applicable law and/or court rules, including, but not limited to, the rights to: (1) object to any discovery request and withhold information and/or materials on the ground of attorney/client privilege, work product or otherwise; (2) object to the introduction of any 'PRODUCED" and/or "CONFIDENTIAL" information as evidence at any hearing or trial in this matter; (3) seek other and further protections as to any "PRODUCED" and/or "CONFIDENTIAL" information that may be

11

ClarkHill\261912774.v1

offered or admitted as evidence at any hearing or trial in this matter; or (4) file any other motions that may be permitted by any applicable law or court rule. Nothing in this Stipulated Protective Order shall constitute an admission or waiver of any objection, claim or defense by any party.

16. <u>Modifications to Stipulated Protective Order</u>. Any party may, on motion or other request to the Court and for good cause shown, seek a modification of this Stipulated Protective Order, and by its agreement to this Stipulated Protective Order, no party shall be deemed to have waived the right to seek subsequent modifications.

No modification of this Stipulated Protective Order that adversely affects the protection of any document produced by a non-party to this case should be made without first giving that non-party appropriate notice and an opportunity to be heard by the Court.

17. <u>Binding Order</u>. All parties to this litigation, regardless of when such party is named or appears, and all persons receiving "CONFIDENTIAL" information produced in this litigation, shall be bound by this Stipulated Protective Order.

18. <u>Dispute Resolution</u>. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge.

In the event of a dispute with respect to the terms of this Order, including without limitation, the designation of documents or other material as "CONFIDENTIAL" information, the attorneys for the parties shall first consult with each other and attempt to negotiate a resolution of the dispute. If the dispute is not resolved, the parties agree to submit the dispute to the Court by way of written motion to be bound by the Court's ruling, without restricting a party's appellate or other rights of challenge under the Court Rules. The producing or designating party shall ultimately have the burden of establishing the need for classification as "CONFIDENTIAL," including any designation as "ATTORNEY'S EYES ONLY."

19. <u>Return of CONFIDENTIAL Information</u>. The provisions of this Stipulated Protective Order shall not terminate at the conclusion of this matter. Upon final conclusion of this matter, whether by settlement, dismissal or other disposition, each party shall either (a) return to the producing party, at the producing party's expense, all originals and copies of "CONFIDENTIAL" information (whether originally produced or made after production) produced to that party by the producing party, or (b) destroy all originals and all copies (whether originally produced or made after production) of "CONFIDENTIAL" information in its possession. Outside counsel for the receiving party may retain one copy of each document, pleading, trial exhibit, deposition exhibit, work product, and transcript embodying documents or information designated as "CONFIDENTIAL" for

ClarkHill\261912774.v1

archival purposes only, but shall destroy or return all additional copies of such documents, pleadings, trial exhibits, deposition exhibits, work product, and transcripts.

Upon request, counsel of record shall deliver written confirmation within 60 days after the final conclusion of this matter indicating that the documents have either been returned or destroyed.

20. <u>Survival of Litigation</u>. This Stipulated Protective Order shall survive the termination of this litigation.

s/Robert H. Cleland
UNITED STATES DISTRICT JUDGE

**Dated:  February 4, 2021**

15

**STIPULATED AND AGREED:**

| **CLARK HILL PLC** | **PLUNKETT COONEY** |
|---|---|
| s/Stuart M. Schwartz | s/Matthew J. Boettcher |
| Stuart M. Schwartz (P62752) | MatthewJ. Boettcher (P40929) |
| Benjamin I. Shipper (P77558) | |
| | Attorneys for Defendants |
| **BRENT LEDER PLC** | |
| Brent Leder (P70866) | |
| | |
| Attorneys for Plaintiff | |

Dated: February 2, 2021

EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PRUDENTIAL DEFENSE SOLUTIONS INC.**,
    Plaintiff,

vs.

**JAKE WILLIAM GRAHAM**,
~~**JAMES HOWARD**~~,
**MARK SHEAHAN**, and
**ROBERT CHARNOT**,
    Defendants.

Case No.: 20-cv-11785
Hon. Robert H. Cleland
Mag. Elizabeth A. Stafford

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

    I, _____, declare and agree as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____

4. I acknowledge receiving a copy of the Stipulated Protective Order entered on _____, 2021, by the United States District Court for the Eastern District of Michigan, in the case of Prudential Defense Solutions Inc. v. Jake William Graham, et al., Case No. 20-cv-11785. I have read and understand the terms of the Stipulated Protective Order and I agree to be bound by all of its provisions.

5. I submit to the jurisdiction of this Court for the purposes of enforcement against me of the terms of the Stipulated Protective Order.

Dated:

    _____
    Signature

    _____
    Printed Name

Open.28184.03086.25718397-1

16

ClarkHill\261912774.v1