**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

PRUDENTIAL DEFENSE SOLUTIONS, INC.,

    Plaintiff,

v.                                                                                                 Case No. 20-11785

JAKE W. GRAHAM, MARK SHEAHAN,
and ROBERT CHARNOT

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR WITHDRAWAL, DENYING DEFENDANTS' MOTION FOR WAIVER OF LOCAL COUNSEL REQUIREMENT, AND DIRECTING PLAINTIFF TO FILE MEMORANDUM**

Plaintiff Prudential Defense Solutions, Inc., brings this action asserting claims under the Michigan Uniform Trade Secrets Act ("MUTSA"), Mich. Comp. Laws § 445.1904, the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836(b)(1), and for state law claims of breach of contract, breach of fiduciary duty, and civil conspiracy. (ECF No. 15, PageID.247-60.) Plaintiff alleges that, as its vice president, Defendant Jake W. Graham signed an agreement not to compete with Plaintiff, but thereafter established a competing private security company with Defendants Mark Sheahan and Robert Charnot, two nonemployees. Plaintiff also alleges that Defendants misappropriated Plaintiff's proprietary information to use in their competing business.

On October 16, 2020, Plaintiff filed a motion for a preliminary injunction. (ECF No. 18.) After briefing and a two-day hearing, the court granted the motion on December 29, 2020. (ECF No. 35.) The court ordered Defendants to cease solicitation of Plaintiff's clients and employees, and it directed Defendants to turn over any

confidential information in Defendants' possession. (ECF No. 35, PageID.1189-90.)

Specifically, the court stated that Defendants must:

> 1) return Plaintiff's confidential, proprietary and trade secret information; 2) preserve and produce all electronic devices used to view or retain Plaintiff's confidential, proprietary, and trade secret information for forensic analysis and remediation; 3) provide a verified written inventory of the information taken from Plaintiff.

(*Id.*, PageID.1190.)

The parties worked cooperatively to comply with the court's order from December 29, 2020, to March 2, 2021. (ECF No. 47, PageID.1454-55; ECF No. 49, PageID.1529.) On March 2, 2021, Plaintiff sent an email to Defendants' counsel, Matthew Boettcher, that listed areas of production that remained to be completed. According to Plaintiff, the "outstanding important deliverables" included an internet history for Defendants' cloud-based storage systems, details on two flash drives allegedly connected to computers Defendants possessed, and information on Defendant Graham's Apple iCloud account. (ECF No. 47, PageID.1455; ECF No. 47-3, PageID.1468.) Plaintiff states that two days later, on March 4, 2021, Boettcher contacted Plaintiff to inform Plaintiff that Defendants terminated their representation agreement with Boettcher. (ECF No. 47, PageID.1457; ECF No. 47-7, PageID.1483.) Boettcher asserts that Defendants terminated their agreement with him on March 1, 2021. (ECF No. 49, PageID.1529.)

On March 5, 2021, Defendants filed a "Motion for Withdrawal of Attorney." (ECF No. 44.) Defendants asked that the court allow them to replace Boettcher as their attorney with counsel residing in Illinois, Lisa Stauff. (*Id.*, PageID.1435.) In addition, Defendants moved for a waiver of their requirement to retain local counsel. *See* E.D. Mich. LR 83.20(f). (ECF No. 46.)

On March 17, 2021, Plaintiff filed a "Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt." (ECF No. 47.) Plaintiff asserted that Defendants failed to produce electronic devices and confidential information covered under the court's December 29 injunction. Specifically, Plaintiff claimed that Defendants had not produced the information listed in its March 2 email, details on cloud storage accounts and flash drives. (*Id.*, PageID.1457-58.) Plaintiff argues that the alleged non-compliance warrants contempt sanctions. (*Id.*) In response to Defendants' two motions, Plaintiff argued that the court should deny both the request for withdrawal of attorney and the request for waiver of the local counsel requirement. (ECF No. 48.)

On April 22, 2021, the court held a hearing on the three pending motions. First, at the hearing, the court granted Defendants' motion for withdrawal. "Withdrawal is presumptively appropriate where [ethical] rule requirements are satisfied." *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009). The Michigan Rules of Professional Conduct allow an attorney to withdraw after a showing of good cause. Mich. R. Prof'l Conduct 1.16(b). At the April 22 hearing, Boettcher stated that his engagement agreement was terminated in early March and, since that time, he has neither remained in communication with Defendants nor remained abreast of any factual developments in the case. Defendants have shown good cause for their motion, and the withdrawal of Boettcher is warranted. *Brandon*, 560 F.3d at 538; Mich. R. Prof'l Conduct 1.16(b).

Second, the court at the April 22 hearing denied Defendants' motion for waiver of their obligation to retain local counsel. As this court has explained in prior cases, the Local Rules explicitly require that attorneys "specify . . . local counsel" for several reasons:

> If the only, or principal, purpose for specifying local counsel were to permit the court to serve notices, rulings, and communications . . . there would be no sense in maintaining this requirement alongside the recent requirement that all attorneys be electronic filers and thus able to receive such notices, etc., virtually instantly. There are, however, other purposes. Personal accessibility is one. Familiarity with the Local Rules and the local legal culture is another. More important, however, is the ability of the court to govern the behavior of its attorneys, including the ability to meaningfully refer a misbehaving attorney to the grievance procedures of the State Bar.

*Keck v. Graham Hotel Sys., Inc.*, Case No. 07-11042, 2007 WL 1452909 (E.D. Mich. May 15, 2007) (Cleland, J.); *accord Belle v. Sunbeam Prods., Inc.*, Case No. 09-13902, 2009 WL 3757059 (E.D. Mich. Nov. 9, 2009) (Cleland, J.). Defendants' new counsel, Stauff, is not an "active member of the State Bar of Michigan." E.D. Mich. LR 83.20(f)(1). Defendants must obtain local counsel, *id.*, and their request for a waiver is not justified.

Third, at the April 22 hearing, the court took Plaintiff's motion for an order to show cause under advisement. Plaintiff stated at the hearing that the parties have not made any progress on production of electronic devices and Plaintiff's confidential information since the March 2 email. Defendants did not dispute Plaintiff's assertion, but they contended that only a few areas of production remain. At the hearing and in briefing, Defendants have failed to provide a substantive reason why the information Plaintiff seeks, and has sought now for almost two months, should not be produced. Thus, the court is inclined to grant Plaintiff's motion for an order to show cause and conclude that Defendants have violated the December 29 injunction.

Nonetheless, the court will provide Defendants time to review materials in their possession, discuss with Plaintiff the outstanding production issues, and seek to obtain

4

a mutually satisfactory agreement. Defendants will have until April 30, 2021, to work with Plaintiff resolve the remaining disputes.

The court will direct Plaintiff to file a concise memorandum on May 3, 2021, explaining the state of Defendants' compliance with the December 29 injunction. Plaintiff must describe what production has taken place between the parties and what information Defendants have yet to produce. The court will review Plaintiff's memorandum and consider the need for contempt sanctions against Defendants. At this point in time, Defendants appear to be in violation of the court's December 29 injunction; sanctions may be warranted. Accordingly,

IT IS ORDERED that Defendants' "Motion for Withdrawal of Attorney" (ECF No. 44) is GRANTED.

IT IS FURTHER ORDERED that Defendants' "Motion [for] Waiver of Local Counsel Requirement" (ECF No. 46) is DENIED.

Finally, IT IS ORDERED that Defendants are DIRECTED to meet and confer with Plaintiff and by **April 30, 2021**, in compliance with court's December 29, 2020 injunction (ECF No. 35, PageID.1189-90), complete production of Plaintiff's confidential information and any devices used to view or retain Plaintiff's confidential information. Plaintiff is directed to file a memorandum, not exceeding 2,000 words, by **May 3, 2021**, explaining what Defendants have produced in compliance with the court's December 29, 2020 injunction and what Defendants have failed to produce in violation of the December 29, 2020 injunction.

                                                  s/Robert H. Cleland               /
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated: April 27, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 27, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner                                    /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-11785.PRUDENTIALDEFENSESOLUTIONS.MotionforOrdertoShowCauseMotiontoWithdrawMotiontoWaiveLocalCounselRequirement.docx