**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

PRUDENTIAL DEFENSE SOLUTIONS, INC.,

Plaintiff,

v. Case No. 20-11785

JAKE W. GRAHAM, MARK SHEAHAN,
and ROBERT CHARNOT

Defendants.
_______________________________________/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE AND DENYING DEFENDANTS' MOTION FOR EXTENSION OF TIME**

Plaintiff Prudential Defense Solutions, Inc., brings this action asserting claims under the Michigan Uniform Trade Secrets Act ("MUTSA"), Mich. Comp. Laws § 445.1904, the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836(b)(1), and for state law claims of breach of contract, breach of fiduciary duty, and civil conspiracy. (ECF No. 15, PageID.247-60.) Plaintiff alleges that, as its vice president, Defendant Jake W. Graham signed an agreement not to compete with Plaintiff, but thereafter established a competing private security company with Defendants Mark Sheahan and Robert Charnot, two nonemployees. Plaintiff also alleges that Defendants misappropriated Plaintiff's proprietary information to use in their competing business.

## I. BACKGROUND

On October 16, 2020, Plaintiff filed a motion for a preliminary injunction. (ECF No. 18.) After briefing and a two-day hearing, the court granted the motion on December 29, 2020. (ECF No. 35.) The court ordered Defendants to cease solicitation

of Plaintiff's clients and employees, and it directed Defendants to turn over any confidential information in Defendants' possession. (ECF No. 35, PageID.1189-90.) Specifically, the court stated that Defendants must, by January 15, 2021:

> 1) return Plaintiff's confidential, proprietary and trade secret information; 2) preserve and produce all electronic devices used to view or retain Plaintiff's confidential, proprietary, and trade secret information for forensic analysis and remediation; 3) provide a verified written inventory of the information taken from Plaintiff.

(*Id.*, PageID.1190.)

The parties worked cooperatively to comply with the court's order from December 29, 2020, to March 2, 2021.[1] (ECF No. 47, PageID.1454-55; ECF No. 49, PageID.1529.) On March 2, 2021, Plaintiff sent an email to Defendants' former counsel, Matthew Boettcher, that listed areas of production that remained to be completed. According to Plaintiff, the "outstanding important deliverables" included an internet history for Defendants' cloud-based storage systems, details on two flash drives allegedly connected to computers Defendants possessed, and information on Defendant Graham's Apple iCloud account. (ECF No. 47, PageID.1455; ECF No. 47-3, PageID.1468.) Plaintiff states that two days later, on March 4, 2021, Boettcher contacted Plaintiff to inform Plaintiff that Defendants terminated their representation agreement with Boettcher. (ECF No. 47, PageID.1457; ECF No. 47-7, PageID.1483.) Boettcher asserted that Defendants terminated their agreement with him on March 1, 2021. (ECF No. 49, PageID.1529.)

---

[1] On January 20, 2021, the parties stipulated to extend the deadline for Defendants to comply with the injunction to January 30, 2021. (ECF No. 39.)

On March 17, 2021, Plaintiff filed a "Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt." (ECF No. 47.) Plaintiff asserted that Defendants failed to produce electronic devices and confidential information covered under the court's December 29 injunction. Specifically, Plaintiff claimed that Defendants had not produced the information listed in its March 2 email, including data contained on cloud storage accounts and flash drives. (*Id.*, PageID.1457-58.) Plaintiff argues that the alleged non-compliance warrants contempt sanctions. (*Id.*)

On April 22, 2021, the court held a hearing on the motion. The court took Plaintiff's motion for an order to show cause under advisement. Plaintiff stated at the hearing that the parties have not made any progress on production of electronic devices and Plaintiff's confidential information since the March 2 email. Defendants did not dispute Plaintiff's assertion, but they contended that only a few areas of production remain. At the hearing and in briefing, Defendants failed to provide a substantive reason why the information Plaintiff seeks, and has sought now for almost two months, should not be produced.

Nonetheless, the court provided Defendants time to review materials in their possession, discuss with Plaintiff the outstanding production issues, and seek to obtain a mutually satisfactory agreement. (ECF No. 54, PageID.1598.) The court gave Defendants a week to produce the documents and information Plaintiff identified in its motion. (*Id.*) In addition, the court directed Plaintiff to file a memorandum by May 3, 2021, describing what production has taken place between the parties and what information Defendants have yet to produce. (*Id.*)

## II. DISCUSSION

### A. Defendants' Failure to Produce Information

On May 3, 2021, Plaintiff filed a detailed memorandum that explained the state of Defendants' production efforts. Plaintiff identified five categories of information that, thus far, Defendants have failed to produce.

First, in the memorandum, Plaintiff provided evidence that Defendants allowed an "expert" to access Defendants' computers, which may contain Plaintiff's proprietary information, through a USB drive. (ECF No. 56, PageID.1603-04; ECF No. 56-2, PageID.1614.) Defendants' expert produced a declaration stating that he accessed the computers on January 12, 2021, he deleted the computers' web browser caches, defragmented the hard drives, transferred "test files" to unallocated space, and created a forensic image of a computer and then deleted it. (ECF No. 56, PageID.1604; ECF No. 56-3, PageID.1620-21.) According to Plaintiff, after Defendants' expert took these actions, "there is . . . no forensic way to know what was changed or altered on each Computer." (ECF No. 56, PageID.1604.) Thus, Plaintiff states that Defendants must produce: 1) any forensic images for Defendants' computers, as the computers existed prior to the expert's access through USB drives; 2) the USB drives Defendants' expert used to access the computers; and 3) a formal declaration signed by counsel stating whether Defendants retained copies of any data subject to the December 29 injunction. (*Id.*, PageID.1605.)

Second, Plaintiff states that its forensic investigation discovered the existence of a computer Defendants have not disclosed which could contain Plaintiff's confidential data. (*Id.*, PageID.1605.) In email communications, Defendants asserted that this

undisclosed computer "must [have been] the machine that [a] computer store," Tech Shield, used to transfer files between two of Defendants' computers on November 5, 2020. (*Id.*, PageID.1605-06; ECF No. 56-2, PageID.1614.) Defendant Graham wrote a declaration stating that he contacted Tech Shield for information on the data transfer, and the store informed Graham that it "did not have records because [it] had recently switched to a different point-of-sale system." (ECF No. 56-4, PageID.1628.) Plaintiff asserts that, based on its forensic analysis, a data transfer from a third-party computer store "does not appear to be possible." (ECF No. 56, PageID.1606.) Plaintiff believes another computer exists that Defendants have not disclosed. (*Id.*, PageID.1607.) Accordingly, Plaintiff states that Defendants must produce: 1) an affidavit from Tech Shield, or other evidence, demonstrating that a data transfer took place on November 5, 2020; and 2) forensic copies of Defendants' available computers. (*Id.*, PageID.1607.)

Third, Plaintiff states that Defendants have failed to produce data stored on Defendant Graham's Apple iCloud account. (*Id.*, PageID.1607.) In email communications, Defendants stated that Graham's iPhone, which was used to access his iCloud account, was stolen in January 2021. (ECF No. 56-5, PageID.1632.) Defendants asserted that they were unable to access information on the iCloud account because Apple makes the information "irretrievable" seven days after an Apple account is terminated. (*Id.*) Plaintiff notes that, in fact, Apple stores information contained on iCloud accounts for 180 days after an Apple account is disabled or stopped. (ECF No. 56, PageID.1608 (quoting *What Does iCloud Back Up?*, Apple, https://support.apple.com/en-us/HT207428 (last visited May 14, 2021)).) Furthermore, even if Defendant Graham's iPhone was stolen in January 2021 and Defendants had

only seven days to retrieve information contained on the iCloud account, the court issued its injunction in December 2020. If the iCloud account contained Plaintiff's proprietary information, Defendants were aware at the time the phone was stolen that they were under a court order to preserve and produce Plaintiff's information and should have taken efforts to obtain the information from Defendant Graham's iCloud account within seven days. (*See* ECF No. 35, PageID.1190, December 29 Injunction.) Plaintiff states that Defendants must therefore secure available iCloud data and produce it. (ECF No. 56, PageID.1608.)

Fourth, Plaintiff states that Defendants have not produced information contained in other cloud-storage programs. (*Id.*, PageID.56, PageID.1608.) In email communications, Defendants stated that Graham still uses a Microsoft OneDrive account. (ECF No. 56-8.) Although Plaintiff states that "Defendants will not agree to forensically analyze and remediate Plaintiff's data on OneDrive," (ECF No. 56, PageID.1609), emails show that Defendants are willing to have a third-party computer forensics firm, Avalon, "review [Graham's] OneDrive, figure out if [Plaintiff's] business records of any kind exist, and then remove them." (ECF No. 56-8, PageID.1645.) Despite Defendants' apparent willingness to produce documents on OneDrive, Plaintiff asks that the court impose more stringent measures: 1) "lock-out Graham from access to the [OneDrive] account"; 2) "forensically capture the account and provide a file-listing report to all parties that includes all available file dates"; and 3) "produce a listing of all electronic devices authorized to use and/or upload to OneDrive." (ECF No. 56, PageID.1610.) For Defendant Graham's data contained in a Carbonite cloud-storage account, Plaintiff states that Defendants must: 1) allow Avalon to "restore the most

recent backup data to a blank computer"; 2) permit Avalon to "screenshot the number of backups available and their dates"; and 3) "when the most recent backup is restored," allow Avalon to "produce to all parties a file-listing report of user files in Microsoft Excel format." (*Id.*) With regard to information contained on a Google Drive account Defendant Graham controls, Plaintiff asks that the court order Defendants to allow Avalon to "produce file-listing reports for Graham's personal Google email address [tied to the Google Drive account] that includes all available file dates." (*Id.*)

Fifth and finally, Plaintiff asserts that Defendants have not produced internet history reports for Defendants' computers. (*Id.*, PageID.1610.) In email communications, Defendants did not object in substance to the production of the reports but asserted that production would be very expensive with no commensurate value. (ECF No. 56-5, PageID.1632.) Plaintiff states that Defendants "must instruct Avalon" to produce the internet history reports.

After Plaintiff filed its memorandum detailing the five areas of production that remain, Defendants filed a "Motion for Leave to Respond." (ECF No. 57.) They asserted in general terms that Plaintiff's memorandum "omit[ted] material details" and "mischaracterize[d] and/or misunderst[ood] the nature of the remaining computer forensic tasks." (*Id.*, PageID.1651.)

Defendants had prior opportunities to argue that they were not in violation of the court's December 29 injunction. Plaintiff's original motion for an order to show cause was filed on March 17, 2021, and Defendants were given an opportunity to respond. In the motion, Plaintiff identified numerous areas of production that Defendants have not yet completed. Those areas of production included Defendants' cloud-based storage

systems, flash drives that were connected to Defendants' computers, and Defendant Graham's Apple iCloud account. (ECF No. 47, PageID.1455; ECF No. 47-3, PageID.1468.) In the response, Defendants claimed that they had produced a large amount of information, but they did not address Plaintiff's arguments regarding the areas of production that were not complete. In fact, Defendants admitted that there were "a few pieces of information to find or explain." (ECF No. 51, PageID.1537.) At the court's April 22 motion hearing, Defendants did not dispute that the information Plaintiff seeks in its motion was not produced. Nonetheless, the court provided Defendants a third opportunity to argue that it was not in violation of the December 29 injunction, and the court granted their motion for leave to respond to Plaintiff's memorandum. The court set May 11, 2021, as Defendants' response deadline.

On May 11, 2021, Defendants filed a two-page "Motion for Extension of Time." (ECF No. 58.) They stated that they "have worked diligently since the April 22nd hearing" to produce the remaining information subject to the December 29 injunction. (*Id.*, PageID.1655.) Defendants asserted that their production efforts were still "in progress" and "issues will be further streamlined if the parties need to seek guidance from the court on any remaining issues." (*Id.*) "In short," according to Defendants, a response to Plaintiff's memorandum was "premature." (*Id.*)

In Defendants' response to Plaintiff's motion to show cause, they provided little detail and did not substantively dispute the points raised in Plaintiff's motion. (*See* ECF No. 51.) At the April 22 hearing, Defendants did not contest Plaintiff's claim that they had failed to comply fully with the December 29 injunction. After Plaintiff in its memorandum described in detail the remaining areas of production, for a third time,

Defendants failed to come forward with substantive arguments or evidence contesting the claim that they are in violation of the December 29 injunction. Instead, Defendants assert in their "Motion for Extension of Time," without evidentiary citation or detailed analysis, that a response to Plaintiff's motion, and thus the production Plaintiff seeks, is "premature." (ECF No. 58, PageID.1655.)

Defendants have had numerous opportunities to contest Plaintiff's motion or explain any justification for their non-compliance. It has now been over four months since the court's injunction, and Defendants have still not completed the required production of confidential information and electronic devices. (*See* ECF No. 35.) On March 2, 2021, over two months ago, Plaintiff sent Defendants an email listing the remaining areas of production that have not been completed; Defendants have still not produced information in those areas. (ECF No. 47, PageID.1455; ECF No. 47-3, PageID.1468.) Finally, the instant motion for an order to show cause was filed on March 17, 2021, and to this day, Defendants have not provided to the court a valid reason why the information Plaintiff seeks should not be produced. Thus, the court will deny Defendants' motion for extension of time and considers the requests for production by Plaintiff unopposed. The court will direct that Defendants complete production as detailed in Plaintiff's memorandum.

**B. Contempt**

Plaintiff asks that the court order Defendants to show cause why they should not be held in contempt of court for violating the December 29 injunction. (ECF No. 47, PageID.1462.) "[T]he traditional remedy for violation of an injunction lies in contempt proceedings." *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000). To

hold Defendants in contempt, Plaintiff must establish "by clear and convincing evidence that [Defendants] 'violated a definite and specific order of the court requiring [them] to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir. 1987)). "Willfulness is not an element of civil contempt, so the intent of a party to disobey a court order is 'irrelevant to the validity of a contempt finding.'" *Id.* (quoting *In re Jaques*, 761 F.2d 302, 306 (6th Cir. 1985)). Once Plaintiff establishes a prima facie case, "the burden shifts to [Defendants] who may defend by coming forward with evidence showing that [they are] presently unable to comply with the court's order." *Elec. Workers Pension Trust Fund v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003). "To meet this production burden in this circuit [Defendants] must show categorically and in detail why [they are] unable to comply with the court's order." *Id.* "[T]he test is not whether [Defendants] made a good faith effort at compliance, but rather whether [they] took all reasonable steps within [their] power to comply with the court's order." *United States v. Conces*, 507 F.3d 1028, 1043 (6th Cir. 2007) (quoting *Glover v. Johnson*, 934 F.2d 703, 708 (6th Cir. 1991)).

Plaintiff's motion and memorandum are well-documented and have strong evidentiary support. Despite numerous opportunities, Defendants have neither provided substantive arguments nor cited to evidence indicating that they have complied fully with the court's December 29 injunction or that compliance with the injunction is not possible. *See Rolex Watch U.S.A., Inc.*, 74 F.3d at 720; *Elec. Workers Pension Trust Fund*, 340 F.3d at 379. Based on the representations and presentation by Plaintiff, and

in light of the lack of cooperation from Defendants, the court is inclined to find Defendants in contempt of the December 29 injunction. Nonetheless, the court will, as Plaintiff requests, (ECF No. 47, PageID.1462), issue an order to show cause to determine the extent of Defendants' violations and what remedy is appropriate.

## III. CONCLUSION

IT IS ORDERED that Plaintiff's "Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt" (ECF No. 47) is GRANTED. Defendants are DIRECTED to show cause, in writing, by **June 11, 2021**, why they should not be held in contempt of court for violating the court's December 29 injunction. Defendants' submission should address whether they have complied with the all facets of the prior injunction and this order, whether attorney fees should be awarded, and whether any further remedies should be considered to prevent future violations of the court's orders. Plaintiff may file an optional response by **June 18, 2021**.

IT IS FURTHER ORDERED that, to aid in the court's contempt inquiry and to determine the extent of Defendants' violations, Defendants are DIRECTED to: 1) produce any available forensic images of their computers as the computers existed prior to Defendants' expert accessing the computers by means of a USB drive; 2) produce the USB drives Defendants' expert used to access their computers; 3) provide a formal declaration signed by counsel stating whether Defendants retained copies of any data subject to the court's December 29 injunction; 4) produce an affidavit proving that, on November 5, 2020, Tech Shield performed a data transfer for Defendants' computers; 5) produce forensic copies of Defendants' computers; 6) secure and produce Defendant Graham's available iCloud data; 7) allow Avalon to lock-out Defendant Graham from

access to his OneDrive account, to forensically capture the account and provide a file-listing report to all parties that includes all available file dates, and to produce a listing of all electronic devices authorized to use and/or upload to the OneDrive account; 8) allow Avalon to restore Defendant Graham's most recent Carbonite backup data to a blank computer, to screenshot the number of Carbonite backups available and their dates, and, when the most recent backup is restored, to produce to all parties a file-listing report of user files in Microsoft Excel format; 9) allow Avalon to produce file-listing reports for Defendant Graham's Google Drive account, tied to his personal Google email address, that includes all available file dates; 10) produce internet history reports for Defendants' computers.

Finally, IT IS ORDERED that Defendants' "Motion for Extension of Time" (ECF No. 58) is DENIED.

s/Robert H. Cleland /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 18, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 18, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-11785.PRUDENTIALDEFENSESOLUTIONS.MotionforOrdertoShowCauseMotionforExtensionofTime.RMK.1.docx