# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

PRUDENTIAL DEFENSE SOLUTIONS, INC.,

    Plaintiff,

v.                                                      Case No. 20-11785

JAKE W. GRAHAM, MARK SHEAHAN,
and ROBERT CHARNOT

    Defendants.
_____/

## ORDER DENYING EMERGENCY MOTION FOR PROTECTIVE ORDER

Plaintiff Prudential Defense Solutions, Inc., brings this action asserting claims under the Michigan Uniform Trade Secrets Act ("MUTSA"), Mich. Comp. Laws § 445.1904, the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836(b)(1), and for state law claims of breach of contract, breach of fiduciary duty, and civil conspiracy. (ECF No. 15, PageID.247-60.)

Defendants Jake W. Graham, Mark Sheahan, and Robert Charnot have filed an "Emergency Motion for Protective Order." (ECF No. 66.) They claim that Plaintiff untimely produced audio recordings on June 21, 2021, less than twenty-four hours before their depositions. According to Defendants, a protective order is warranted under Federal Rule of Civil Procedure 26(c).

Under Rule 26(c), the court may, "for good cause, issue an order to protect a party or person [from whom discovery is sought] from annoyance, embarrassment, oppression, or undue burden or expense." "To sustain a protective order under Rule 26(c), the moving party must show good cause for protection from one (or more) harms

identified in Rule 26(c)(1)(A) with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016) (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012)). Further, "[i]t is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *Buetenmiller v. Cogswell*, Case No. 20-11031, 2021 WL 1837750, at *2 (E.D. Mich. May 7, 2021) (Ivy, M.J.) (quoting *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)).

The court has reviewed Defendants' motion and does not find that a protective order is warranted. Specifically, Defendants have failed to demonstrate with "particular and specific demonstration of fact" that the taking of their depositions would result in improper embarrassment or oppression. *In re Ohio Execution Protocol Litigation*, 845 F.3d at 236; Fed. R. Civ. P. 26(c)(1). Defendants also have not shown "good cause" or "extraordinary circumstances" sufficient to justify an order prohibiting today's depositions. *In re Ohio Execution Protocol Litigation*, 845 F.3d at 236; *Buetenmiller*, 2021 WL 1837750, at *2.

Defendants state in their motion that they may need additional time to review the recordings Plaintiff produced. (ECF No. 66, PageID.1825.). The court is prepared to consider reasonable requests to expand Defendants' time, potentially to include extending the discovery deadline, if Defendants later proffer a convincing showing that such an extension is due. Accordingly,

IT IS ORDERED that Defendants' "Emergency Motion for Protective Order" (ECF No. 66) is DENIED.

                s/Robert H. Cleland          /
                ROBERT H. CLELAND
                UNITED STATES DISTRICT JUDGE

Dated: June 22, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 22, 2021, by electronic and/or ordinary mail.

                s/Lisa Wagner            /
                Case Manager and Deputy Clerk
                (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-11785.PRUDENTIALDEFENSESOLUTIONS.EmergencyMotionforProtectiveOrder.RMK.docx