# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

PRUDENTIAL DEFENSE SOLUTIONS, INC.,

    Plaintiff,

v.                                                                          Case No. 20-11785

JAKE W. GRAHAM, MARK SHEAHAN,
and ROBERT CHARNOT

    Defendants.
_____/

## OPINION AND ORDER DIRECTING PLAINTIFF TO FILE A BILL OF COSTS AND ORDERING DEFENDANTS TO COMPLETE PRODUCTION OF INFORMATION SUBJECT TO THE COURT'S DECEMBER 29 INJUNCTION

Plaintiff Prudential Defense Solutions, Inc., brings this action asserting claims under the Michigan Uniform Trade Secrets Act ("MUTSA"), Mich. Comp. Laws § 445.1904, the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836(b)(1), and for state law claims of breach of contract, breach of fiduciary duty, and civil conspiracy. (ECF No. 15, PageID.247-60.) Plaintiff alleges that, as its vice president, Defendant Jake W. Graham signed an agreement not to compete with Plaintiff, but thereafter established a competing private security company with Defendants Mark Sheahan and Robert Charnot, two nonemployees. Plaintiff also alleges that Defendants misappropriated Plaintiff's proprietary information to use in their competing business.

The court has recited the history of this case several times and will not do so again. (*See* ECF No. 60, PageID.1664-66; ECF No. 54, PageID.1594-1597; ECF No. 35, PageID.1178-86; ECF No. 21, PageID.703-704.) On May 18, 2021, after extensive briefing and a hearing (ECF Nos. 47, 51, 53, 56-59), the court granted a motion filed by

Plaintiff for an order to show cause why Defendants should not be held in contempt. (ECF No. 60.) In the May 18 opinion, the court held that Defendants had failed to complete production of information under an injunction issued by the court on December 29, 2020. (*See* ECF No. 35, December 29 Injunction.) Accordingly, the court directed Defendants to complete ten areas of production:

> 1) produce any available forensic images of their computers as the computers existed prior to Defendants' expert accessing the computers by means of a USB drive; 2) produce the USB drives Defendants' expert used to access their computers; 3) provide a formal declaration signed by counsel stating whether Defendants retained copies of any data subject to the court's December 29 injunction; 4) produce an affidavit proving that, on November 5, 2020, Tech Shield performed a data transfer for Defendants' computers; 5) produce forensic copies of Defendants' computers; 6) secure and produce Defendant Graham's available iCloud data; 7) allow Avalon to lock-out Defendant Graham from access to his OneDrive account, to forensically capture the account and provide a file-listing report to all parties that includes all available file dates, and to produce a listing of all electronic devices authorized to use and/or upload to the OneDrive account; 8) allow Avalon to restore Defendant Graham's most recent Carbonite backup data to a blank computer, to screenshot the number of Carbonite backups available and their dates, and, when the most recent backup is restored, to produce to all parties a file-listing report of user files in Microsoft Excel format; 9) allow Avalon to produce file-listing reports for Defendant Graham's Google Drive account, tied to his personal Google email address, that includes all available file dates; 10) produce internet history reports for Defendants' computers.

(ECF No. 60, PageID.1672, 1674-75.)

In addition, the court ordered Defendants to show cause by June 11, 2021, why they should not be held in contempt of court. (*Id.*, PageID.1674.) The court stated that it would consider whether Defendants completed the ten areas of production stated above in the context of determining the scope of Defendants' potential contempt. (*Id.*, PageID.1675-76.)

2

Defendants filed a response on June 15, 2021. (ECF No. 64.) In the response, they do not contend that they have completed the ten areas of production listed in the May 18 opinion. Instead, they argue primarily that those ten areas of production are neither necessary nor important.

The court did not direct Defendants to comment on the court's May 18 opinion.[1] The court directed Defendants to describe whether and to what extent they completed the areas of production identified in the opinion so the court can properly determine whether Defendants are in contempt of the December 29 injunction. (*See* ECF No. 60, PageID. 1672, 1674-75.)

Prior to the May 18 opinion, Defendants were given multiple opportunities to argue, in opposition to Plaintiff, that they had complied with the December 29 injunction and further production was not necessary:

> After Plaintiff . . . detail[ed] [in a memorandum] five areas of production that remain, Defendants filed a "Motion for Leave to Respond." (ECF No. 57.) They asserted in general terms that Plaintiff's memorandum "omit[ted] material details" and "mischaracterize[d] and/or misunderst[ood] the nature of the remaining computer forensic tasks." (*Id.*, PageID.1651.)
>
> Defendants had prior opportunities to argue that they were not in violation of the court's December 29 injunction. Plaintiff's original motion for an order to show cause was filed on March 17, 2021, and Defendants were given an opportunity to respond. In the motion, Plaintiff identified numerous areas of production that Defendants have not yet completed. Those areas of production included Defendants' cloud-based storage systems, flash drives that were connected to Defendants' computers, and Defendant Graham's Apple iCloud account. (ECF No. 47, PageID.1455; ECF No. 47-3, PageID.1468.) In the response, Defendants claimed that they had produced a large amount of information, but they did not address Plaintiff's arguments regarding the areas of production that were not complete. In fact, Defendants admitted that there were "a few pieces of information to find or explain." (ECF No. 51, PageID.1537.) At the court's

---

[1] Defendants did not file a motion for reconsideration of the May 18 opinion, nor do they seek modification of the December 29 injunction or the May 18 opinion.

3

April 22 motion hearing, Defendants did not dispute that the information Plaintiff seeks in its motion was not produced. Nonetheless, the court provided Defendants a third opportunity to argue that it was not in violation of the December 29 injunction, and the court granted their motion for leave to respond to Plaintiff's memorandum [which detailed the information that Defendants had not yet produced]. The court set May 11, 2021, as Defendants' response deadline.

On May 11, 2021, Defendants filed a two-page "Motion for Extension of Time." (ECF No. 58.) They stated that they "have worked diligently since the April 22nd hearing" to produce the remaining information subject to the December 29 injunction. (*Id.*, PageID.1655.) Defendants asserted that their production efforts were still "in progress" and "issues will be further streamlined if the parties need to seek guidance from the court on any remaining issues." (*Id.*) "In short," according to Defendants, a response to Plaintiff's memorandum was "premature." (*Id.*)

In Defendants' response to Plaintiff's motion to show cause, they provided little detail and did not substantively dispute the points raised in Plaintiff's motion. (*See* ECF No. 51.) At the April 22 hearing, Defendants did not contest Plaintiff's claim that they had failed to comply fully with the December 29 injunction. After Plaintiff in its memorandum described in detail the remaining areas of production, for a third time, Defendants failed to come forward with substantive arguments or evidence contesting the claim that they are in violation of the December 29 injunction. Instead, Defendants assert in their "Motion for Extension of Time," without evidentiary citation or detailed analysis, that a response to Plaintiff's motion, and thus the production Plaintiff seeks, is "premature." (ECF No. 58, PageID.1655.)

Defendants have had numerous opportunities to contest Plaintiff's motion or explain any justification for their non-compliance. It has now been over four months since the court's injunction, and Defendants have still not completed the required production of confidential information and electronic devices. (*See* ECF No. 35.) On March 2, 2021, over two months ago, Plaintiff sent Defendants an email listing the remaining areas of production that have not been completed; Defendants have still not produced information in those areas. (ECF No. 47, PageID.1455; ECF No. 47-3, PageID.1468.) Finally, the instant motion for an order to show cause was filed on March 17, 2021, and to this day, Defendants have not provided to the court a valid reason why the information Plaintiff seeks should not be produced.

(ECF No. 60, PageID.1670-72, 5/18/21 Opinion.)

In Defendants' response to the court's order to show cause, they fail to explain or describe the extent to which they have completed the ten areas of production specified in the May 18 opinion. In fact, Defendants state explicitly that they have not complied with the court's directive to secure and provide information taken from Defendant Graham's OneDrive account. (*See* ECF No. 64, PageID.1700, Defendants' Response ("OneDrive cannot be separated from Mr. Graham's Microsoft 365 software suite, and locking Mr. Graham out of these products would impair his ability to run his business."); ECF No. 60, PageID.1674-75, May 18 Opinion.) Plaintiff, in a reply brief, confirms that "Defendants did not comply with . . . *any* of the 10 actions specified in the Show Cause Order." (ECF No. 65, PageID.1811 (emphasis in original).)

"[T]he traditional remedy for violation of an injunction lies in contempt proceedings." *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000). To hold Defendants in contempt, Plaintiff must establish "by clear and convincing evidence that [Defendants] 'violated a definite and specific order of the court requiring [them] to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir. 1987)). "Willfulness is not an element of civil contempt, so the intent of a party to disobey a court order is 'irrelevant to the validity of a contempt finding.'" *Id.* (quoting *In re Jaques*, 761 F.2d 302, 306 (6th Cir. 1985)). Once Plaintiff establishes a prima facie case, "the burden shifts to [Defendants] who may defend by coming forward with evidence showing that [they are] presently unable to comply with the court's order." *Elec. Workers Pension Trust Fund v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003). "To meet this production

burden in this circuit [Defendants] must show categorically and in detail why [they are] unable to comply with the court's order." *Id.* "[T]he test is not whether [Defendants] made a good faith effort at compliance, but rather whether [they] took all reasonable steps within [their] power to comply with the court's order." *United States v. Conces*, 507 F.3d 1028, 1043 (6th Cir. 2007) (quoting *Glover v. Johnson*, 934 F.2d 703, 708 (6th Cir. 1991)).

In the May 18 opinion, the court stated that, "[b]ased on the representations and presentation by Plaintiff, and in light of the lack of cooperation from Defendants, the court is inclined to find Defendants in contempt of the December 29 injunction." (ECF No. 60, PageID.1673-74.) The December 29 injunction was "definite and specific." *Rolex Watch U.S.A.*, 74 F.3d at 720. It required that Defendants "return Plaintiff's confidential, proprietary and trade secret information [and] preserve and produce all electronic devices used to view or retain [the information]." (ECF No. 35, PageID.1190.) In addition, after providing Defendants numerous opportunities to respond, the May 18 opinion stated unambiguously that, to comply with the December 29 injunction, Defendants must complete ten specific areas of production. (*See* ECF No. 60, PageID.1674-75.)

Since Plaintiff filed its motion for an order to show cause over three months ago (ECF No. 47), it has provided numerous, detailed reports of Defendants' failure to comply with the December 29 injunction. (*See* ECF No. 47, PageID.1455; ECF No. 47-3, PageID.1468; ECF No. 56, PageID.1603-11.) Those showings necessitated the court's May 18 opinion, and it is undisputed that Defendants have not complied with the May 18 opinion. (*See* ECF No. 64; ECF No. 65, PageID.1811.) Thus, the court finds

that Plaintiff has established "by clear and convincing evidence that [Defendants] 'violated a definite and specific order of the court requiring [them] to perform . . . a particular act." *Rolex Watch U.S.A., Inc.*, 74 F.3d at 720.

In response to the court's order to show cause, Defendants challenge the reasoning of the court's May 18 opinion. (*See* ECF No. 64.) Yet the May 18 opinion was issued over a month ago, and it accurately identifies the areas of production that Defendants must complete in order to comply with the December 29 injunction. *See Rouse v. DaimlerChrysler Corp.*, 300 F.3d 711, 715 (6th Cir. 2002) ("[F]indings made at one point in the litigation become the law of the case for subsequent stages of that same litigation."). Prior to the May 18 opinion, Defendants were given multiple opportunities to explain how they had complied with the December 29, and they failed to take advantage of those opportunities. (*See* ECF No. 60, PageID.1670-72.) Defendants barely discuss whether compliance with the May 18 opinion is not possible or whether they have taken all reasonable efforts to comply with the opinion. Although Defendants briefly state that compliance with some portions of the opinion would "impair [Defendant Graham's] ability to run his business" (ECF No. 64, PageID.1700),[2] they have failed to "show categorically and in detail" that they are "unable to comply with the court's order" and that they have taken "all reasonable steps within [their] power to comply." *Elec. Workers Pension Trust Fund*, 340 F.3d at 379; *Conces*, 507 F.3d at 1043.

---

[2] Defendants fail to cite evidence quantifying or substantiating any business harm that could result due to the December 29 injunction and the May 18 order. They do not cite business analysis, expense reports, accountings, or affidavits that prove compliance is in some way cost prohibitive.

7

Furthermore, Defendants have not argued, in their response or otherwise, that modification of the court's orders is warranted. *See Gooch v. Life Investors Ins. of Am.*, 672 F.3d 402, 414 (6th Cir. 2012) ("To obtain modification or dissolution of an injunction, a movant must demonstrate significant changes in fact, law, or circumstance since the previous ruling.").

Thus, the court holds that Defendants have failed to comply with the December 29 injunction and are in contempt of court. Upon finding that a party is in contempt, the court may "award . . . attorney's fees and expenses" to the opposing party.[3] *TWM Mfg. Co. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. 1983). Consequently, the court will order that Plaintiff file a bill of costs to account for its reasonable expenses, including attorney's fees, incurred in the filing and briefing of its motion for an order to show cause. (*See* ECF Nos. 47, 53, 56, 59, 62, 63, 65.) Defendants will be given the opportunity to respond to Plaintiff's accounting of attorney fees.

Further, the court will order that Defendants complete the ten areas of production specified in the May 18 order, in compliance with the December 29 injunction, by July 16, 2021. If Defendants yet again fail to comply with the court's orders, the court will consider more severe sanctions to effect compliance. *See Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019) (quotations removed) ("[C]ourts have long imposed civil contempt sanctions to coerce the defendant into compliance with an injunction or compensate the

---

[3] Although the court in the May 18 opinion directed Defendants to discuss "whether attorney fees should be awarded" (ECF No. 60, PageID.1674), Defendants did not address the issue in their response. They have not contested the finding that, if they are in violation of the December 29 injunction, attorney fees are appropriate.

complainant for losses stemming from the defendant's noncompliance with an injunction."). Accordingly,

IT IS ORDERED that Plaintiff is DIRECTED to file a bill of costs by **July 7, 2021**, accounting for its reasonable expenses incurred in filing and briefing the "Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt" (ECF No. 47, 53, 56, 59, 62, 63, 65.). Defendants may file a response to Plaintiff's calculations of cost by **July 14, 2021**.

IT IS FURTHER ORDERED that, by **July 16, 2021**, Defendants: 1) produce any available forensic images of their computers as the computers existed prior to Defendants' expert accessing the computers by means of a USB drive; 2) produce the USB drives Defendants' expert used to access their computers; 3) provide a formal declaration signed by counsel stating whether Defendants retained copies of any data subject to the court's December 29 injunction; 4) produce an affidavit proving that, on November 5, 2020, Tech Shield performed a data transfer for Defendants' computers; 5) produce forensic copies of Defendants' computers; 6) secure and produce Defendant Graham's available iCloud data; 7) allow Avalon to lock-out Defendant Graham from access to his OneDrive account, to forensically capture the account and provide a file-listing report to all parties that includes all available file dates, and to produce a listing of all electronic devices authorized to use and/or upload to the OneDrive account; 8) allow Avalon to restore Defendant Graham's most recent Carbonite backup data to a blank computer, to screenshot the number of Carbonite backups available and their dates, and, when the most recent backup is restored, to produce to all parties a file-listing report of user files in Microsoft Excel format; 9) allow Avalon to produce file-listing

9

reports for Defendant Graham's Google Drive account, tied to his personal Google email address, that includes all available file dates; 10) produce internet history reports for Defendants' computers.

                                     s/Robert H. Cleland                     /
                                     ROBERT H. CLELAND
                                     UNITED STATES DISTRICT JUDGE

Dated: July 1, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 1, 2021, by electronic and/or ordinary mail.

                                     s/Lisa Wagner                        /
                                     Case Manager and Deputy Clerk
                                     (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-11785.PRUDENTIALDEFENSESOLUTIONS.OpinionDirectingBillofCostsandOrderingProduction.RMK.docx