UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PRUDENTIAL DEFENSE SOLUTIONS INC.**,

    Plaintiff,

vs.

**JAKE WILLIAM GRAHAM**,
**MARK SHEAHAN**, and
**ROBERT CHARNOT**,

    Defendants.

Case No.: 20-cv-11785
Hon. Robert H. Cleland
Mag. Elizabeth A. Stafford

## STIPULATED PERMANENT INJUNCTION

Plaintiff Prudential Defense Solutions Inc. ("Plaintiff")'s Verified First Amended Complaint [ECF No. 15] in this action seeks, *inter alia*, a permanent injunction against Defendant Robert Charnot ("Charnot") (among other Defendants) [ECF No. 15, PageID.262]. Plaintiff and Charnot (collectively, the "Parties") have freely chosen to resolve this matter and other related disputes among them for the purpose of avoiding the uncertainty of litigation, along the lines set forth herein and after consultation with, or the ability to consult with, counsel of their own choice and having contemporaneously entered into a Settlement, Release, and Restrictive Covenant Agreement (the "Agreement"). Upon the Parties' stipulation and the Court

otherwise being fully apprised,

**IT IS HEREBY ORDERED:**

    1.    Through and including **December 31, 2024**, Charnot **SHALL NOT**:

        a.    directly or indirectly, as an individual proprietor, partner, stockholder, officer, employee, director, joint venturer, investor, lender, agent, consultant or any other capacity whatsoever or by means of any corporate or other device, engage in or promote himself as being engaged in the business of providing any security guard- or mobile patrol-related services (including, but not limited to, unarmed guards, armed guards, uniform police officers, unmarked vehicles, and foot patrols; cameras and alarm systems; and security-related investigations), whether with a competitor of Plaintiff, a current or prospective customer of Plaintiff, or otherwise. To be clear, the Parties agree that, among other restrictions, Charnot is prohibited from being engaged (as an investor, employee, consultant, contractor, or otherwise) by any entity engaged in (or planning to be engaged in) the business of providing security guard- or mobile patrol-related services through December 31, 2024;

        b.    directly or indirectly contact or solicit any current or former customer or client of Plaintiff to encourage any such individual or entity to avoid, terminate, or modify the business relationship such has with Plaintiff, or to reduce or modify the volume of business such transacts with Plaintiff. Notwithstanding this,

Charnot agrees that, with respect to any customers or clients Plaintiff had as of the date of the date of Defendant Jake W. Graham's termination from Plaintiff (i.e., July 2, 2020), Charnot permanently, perpetually, and for an unexpiring period of time shall not contact or solicit, directly or indirectly, any such current or former customer or client or otherwise encourage any such individual or entity to avoid, terminate, or modify the business relationship such has with Plaintiff. The current or former customers or clients are included on a "Confidential List" that will be made available to Charnot upon a request made to Plaintiff on or after January 1, 2025 on the terms more fully set forth in the Agreement.

        c.     directly or indirectly solicit or attempt to solicit any current or former employee or contractor of Plaintiff, for the purpose of inducing such employee or contractor to terminate his/her relationship with Plaintiff, to be employed by, or to render services for any other person, firm, corporation, or other entity.

**IT IS FURTHER ORDERED THAT:**

    2.    This Court shall retain jurisdiction to enforce the terms of this Stipulated Permanent Injunction and the Agreement.

    3.    Upon entry of this Stipulated Permanent Injunction, this case as to Charnot only shall be DISMISSED WITH PREJUDICE AND WITHOUT COSTS PURSUANT TO AND CONSISTENT WITH the terms of this Stipulated Permanent

Injunction and the Agreement, SUBJECT TO RE-OPENING for purposes of enforcing this Stipulated Permanent Injunction and/or the Agreement (including the entry of a Consent Judgment, where appropriate) in the event of any breach or violation of either.

4. The terms of this Stipulated Permanent Injunction and the Agreement survive the dismissal of the case.

Dated: May 3, 2022

s/Robert H. Cleland
ROBERT H. CLELAND
United States District Court Judge

**STIPULATED TO AS TO FORM AND CONTENT:**

**CLARK HILL PLC**

/s/Benjamin I. Shipper

**Stuart M. Schwartz (P62752)**
**Benjamin I. Shipper (P77558)**
*Attorneys for Plaintiff*
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226
(313) 965-8300
sschwartz@clarkhill.com
bshipper@clarkhill.com

/s/Patrick Kakos (w/permission - BIS)

**Prudential Defense Solutions, Inc.**
By: Patrick Kakos
Its: Authorized Representative

**MICHIGAN JUSTICE, PLLC**

**Albert B. Addis (P31084)**
**Shaun A. Kelley (P83704)**
*Attorneys for Defendants*
18 1st Street
Mt. Clemens, MI 48043
586-221-4100
aaddis@michiganjustice.com
skelley@michiganjustice.com

**Robert Charnot**